UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV01988 ERW |
| | ) | |
| ELBERT A. WALTON, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment [doc. #31].

### I. BACKGROUND FACTS[1]

Federal income tax returns filed by Defendant Elbert A. Walton, Jr. ("Defendant") with the Internal Revenue Service ("IRS") for tax years 2002, 2003, 2004 and 2005 listed tax deficiencies. A delegate of the Secretary of the Treasury made assessments against, and gave notice of and made demand for payment upon Defendant in the attempt to collect unpaid federal income taxes and statutory additions to tax for Defendant's 2002 through 2005 tax deficiencies. The IRS has submitted to the Court certified IRS Certificates of Assessments and Payments from 2002 to 2005 ("Assessments"). These Assessments list the tax assessed, penalties, assessed interest, and fees, as well as subsequent payment levies from Defendant. IRS Revenue Officer

---

[1] The Court's recitation of the facts is taken from Plaintiff's Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment [doc. #32], the Declaration of Melody A. Roebuck [doc. #33], IRS Certificates of Assessments and Payments from 2002 through 2005 [docs. #33-2 through #33-5], and Defendant's Memorandum in Support of Defendant's Response to Motion for Partial Summary Judgment [doc. #36].

Melody A. Roebuck ("Ms. Roebuck") determined that as of January 31, 2008, the unpaid balance of the assessments against Defendant equaled $40,442.23.

In his response, Defendant alleges that he made various payments towards his federal income tax liability. He states that these payments have been made in the form of deductions from his pension and Social Security income, deductions from his wife's wages, the seizure of proceeds from a real estate sale, and that he also made payments "to a trustee in a Chapter 13 bankruptcy case." The Assessments submitted by the IRS include records of payments made by Defendant, and Defendant has failed to present evidence of any payment that he made that has not been documented in the Assessments.

## II. PROCEDURAL HISTORY

On November 29, 2007, the United States of America ("Plaintiff") filed this case under 26 U.S.C. §§ 7401, 7403 against Elbert A. Walton, Jr., Juanita H. Walton, Rochelle L.W. Gray, Rhonda Y. Colbert, Angela D. Mosely, Elbert A. Walton, III, Johnathan C. Walton, and Midland Mortgage Company.[2] In its complaint, Plaintiff seeks to reduce to judgment the unpaid balance of federal tax assessments made against Defendant, set aside transfers of real property made by Defendant to trusts he created, and foreclose federal tax liens against that real property. On March 11, 2008, Plaintiff filed the pending Motion for Partial Summary Judgment on Count I of their Complaint. Plaintiff asks that the Court reduce to judgment the unpaid balance of federal tax assessments made against Defendant for the tax years of 2002 through 2005.

## III. LEGAL STANDARD

---

[2] Plaintiff has filed the pending Motion for Partial Summary Judgment only against Defendant Elbert A. Walton, Jr.

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Supreme Court has noted that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Id.* at 327 (*quoting* Fed. R. Civ. P. 1).

"By its very terms, [Rule 56(c)(1)] provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Further, if the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The moving party has the initial burden of proof to "establish that there are no material facts in dispute and that, as a matter of law, the movant is entitled to judgment." *Carrington v. City of Des Moines, IA*, 481 F.3d 1046, 1050-51 (8th Cir. 2007) (*quoting Oldham v. West*, 47 F.3d 985, 988 (8th Cir. 1995)). Once this burden is discharged, if the record does in fact bear out

that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson*, 477 U.S. at 250; Fed. R. Civ. P. 56(e)(2). When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002).

To meet its burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In fact, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 334. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991). Fed. R. Civ. P. 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Depositors Ins. Co. v. Wal-Mart Stores, Inc.*, 506 F.3d 1092, 1094 (8th Cir. 2007) (*quoting Celotex*, 477 U.S. at 322).

The Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.*

## IV. DISCUSSION

Plaintiff asserts that the unpaid balance of federal income tax assessments against Defendant should be reduced to judgment because the Assessments submitted in support of their Motion are presumptively correct evidence of liability and satisfy Plaintiff's burden of proof. In response, Defendant argues the Assessments are erroneous and requests that the Court delay summary judgment in order for the Parties to engage in further discovery. Defendant specifically states that he needs additional discovery to secure an accounting of all money Plaintiff has collected from Defendant.

### A. *DEFENDANT'S FEDERAL TAX LIABILITY*

When the Government seeks to establish federal tax liability, "the Commissioner's [of Internal Revenue] determination of a tax deficiency is presumed to be correct." *Payne v. C.I.R.*, 211 F.App'x 541, 543 (8th Cir. 2007) *(citing Day v. C.I.R.*, 975 F.2d 534, 538 (8th Cir.1992)). This assessment is "normally entitled to a presumption of correctness" and will satisfy the Government's burden of proof. *Page v. C.I.R.*, 58 F.3d 1342, 1347 (8th Cir. 1995); *In re Olshan*, 356 F.3d 1078, 1084 (9th Cir. 2004). The penalties included and interest included in these Assessments are also presumed valid. *See Elliott v. C.I.R.*, 1990 WL 32563, at *2 (9th Cir. March 21, 1990). According to Ms. Roebuck, the unpaid balances of income tax, penalties, and interest due for tax years 2002 through 2005 are as follows:

| **TAX PERIOD ENDED** | **UNPAID BALANCES AS OF 01/31/08** |
|---|---|
| 12/31/02 | $ 8,606.97 |
| 12/31/03 | $21,950.44 |
| 12/31/04 | $ 5,882.11 |
| 12/31/05 | $ 4,002.71 |
| **TOTAL:** | **$40,442.23 as of January 31, 2008**[3] |

---

[3] The totals in Ms. Roebuck's federal tax assessment are substantially more than the amounts from the Assessments. Ms. Roebuck notes, however, that the Assessments indicate

5

As the Plaintiff has satisfied its burden of proof, the burden shifts to the taxpayer to prove "by a preponderance of the evidence, that the assessment is erroneous." *In re Harker*, 357 F.3d 846, 849 (8th Cir. 2004); *Payne*, 211 F.App'x at 543. Defendant has provided this Court with an affidavit claiming support for his arguments against summary judgment. In his affidavit, Defendant claims the IRS has deducted monthly income from his pension and Social Security income and seized various other sources of income and assets to satisfy the unpaid balance of federal income taxes. Defendant describes these payments vaguely, giving what he states were the "approximate amount[s]" paid. Defendant also fails to specify the number of payments made and the dates those payments were made.

The Assessments submitted by Plaintiff include payments made by Defendant, and Defendant's vague and unsubstantiated assertions of payment do not demonstrate that the Assessments are "erroneous." *In re Harker*, 357 F.3d at 849. Defendant's assertions of payment are insufficient to overcome the "presumption of correctness" that must be given to the Assessments. *See In re Harker*, 357 F.3d at 849 ("such a blanket assertion, without more, does not rise to the level necessary to dispute the [Assessment's] 'presumption of correctness'"). Defendant has failed to raise a genuine issue of material fact, and summary judgment is appropriate on Count I of Plaintiff's Complaint. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 334.

### B.   DEFENDANT'S REQUEST FOR FURTHER DISCOVERY

---

unpaid *assessed* federal income tax liabilities, whereas the total unpaid balance, as indicated above, includes *accrued but unassessed* interest, penalties, and fees as of January 31, 2008.

In the alternative, Defendant requests for more time to conduct discovery. Defendant claims that the exact amount of his federal income tax liability can only be determined after Plaintiff completes an accounting of all payments made by Defendant. Defendant asks that the Court delay ruling on the pending Motion so that he may secure this accounting from Plaintiff.

"Discovery need not be complete for a district court to grant summary judgment." *Nolan v. Thompson*, 521 F.3d 983, 986-87 (8th Cir. 2008); Fed. R. Civ. P. 56(c). The Court "has discretion to determine whether the parties have had adequate time for discovery." *Stanback v. Best Diversified Products, Inc.*, 180 F.3d 903, 910 (8th Cir. 1999). "Although discovery does not have to be completed before a court can grant summary judgment, summary judgment is proper only after the nonmovant has had adequate time to engage in discovery." *Id.* at 911. Thus, "the purpose of [Fed. R. Civ. P. 56(f)] is to provide an additional safeguard against an improvident or premature grant of summary judgment . . . and [the rule] should be applied with the spirit of liberality." *United States ex rel. Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002).

If a party opposes summary judgment on the grounds of inadequate opportunity to conduct discovery, the party must make a showing "that discovery has been inadequate." *Robinson v. Terex Corp.*, 439 F.3d 465, 467 (8th Cir. 2006); Fed. R. Civ. P. 56(f). The nonmovant must file an affidavit listing specific reasons why it "cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(f); *see also Dulany v. Carnahan*, 132 F.3d 1234, 1238 (8th Cir. 1997). The party "must do so in good faith by affirmatively demonstrating . . . how postponement of a ruling on the motion will enable him . . . to rebut the movant's showing of the absence of a genuine issue of fact." *Janis v. Biesheuvel*, 428 F.3d 795, 801 (8th Cir. 2005)

(*quoting Wilmar Poultry Co. v. Morton-Norwich Products, Inc.*, 520 F.2d 289, 297 (8th Cir. 1975)).

Defendant has filed an affidavit, in which he states that the IRS's assessment of his income tax liability is "erroneous and substantially overstated," as he has made and continues to make various payments to reduce the unpaid balance. Defendant also argues that he has not had an opportunity to seek discovery, and specifically asks for time to secure an accounting of all payments Defendant made to Plaintiff. Although Defendant argues that a correct calculation of his tax liability can only be made after an accounting from Plaintiff, the Court finds that Plaintiff has already provided Defendant with the Assessments, and that these Assessments list Defendant's various payments and credits.

The Court also notes that information on payments Defendant made to Plaintiff is information within Defendant's possession, and that additional discovery is unnecessary. *See Janis*, 428 F.3d at 801 (no need for additional discovery when Plaintiff already possessed "much of the information she might have found with further discovery."). Since these Assessments are entitled to a presumption of validity, Defendant must show that further discovery may let him overcome this presumption. Defendant's affidavit has not identified any facts within Plaintiff's "exclusive control," and does not detail how discovery could "assist [him] in bringing those facts to light." *See Wilmar Poultry Co.*, 520 F.2d at 297. Defendant's assertion that he requires an accounting from Plaintiff fails to establish how the Court's postponement of a ruling on the summary judgment motion would allow Defendant to rebut Plaintiff's Assessments. The Court concludes that further discovery is unnecessary, and will grant Plaintiff's Motion for Partial Summary Judgment.

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's Motion for Partial Summary Judgment [doc. #31] is **GRANTED**. Judgment is hereby entered in favor of Plaintiff United States and against Defendant Elbert A. Walton, Jr. on the United States' tax assessments for the tax years 2002, 2003, 2004 and 2005 in the amount of $40,442.23.

So Ordered this 10th day of July, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE