UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV01988 ERW |
| ) | |
| ELBERT A. WALTON, JR., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff United States' ("Plaintiff") Motion to Reopen Case, filed June 19, 2012 [ECF No. 78].

**I.   BACKGROUND AND PROCEDURAL HISTORY**

On November 17, 2008, Elbert A. Walton, Jr., *et al.*, ("Defendants") filed for Chapter 13 bankruptcy protection.   *In re Walton, Jr.*, Case No. 08-49185-399 (2008).  At that time, Defendants had outstanding federal income tax liabilities.  This Court entered judgment on those liabilities June 2, 2009, in the amount of $40,442.23.  *United States v. Walton et al.*, Case No. 4:07CV01988 ERW (2009).  In June 2011, Defendants converted their Chapter 13 plan to a Chapter 7 and obtained a discharge on October 12, 2011.

On June 19, 2012, Plaintiff filed a Motion to Reopen Case for Defendants' failure to repay outstanding federal income tax liability for year 2005 [ECF No. 78].  Defendants filed a response June 20, 2012, stating that the debt claimed by Plaintiff had been relieved by his October 12, 2011 discharge [ECF No. 79].  Plaintiff filed its reply June 25, 2012 [ECF No. 80].

## II.  DISCUSSION

Under 11 U.S.C. § 523(a)(1)(A), "[a] discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . for a tax or a customs duty . . . of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed."  11 U.S.C. § 507(a)(8) identifies unsecured government claims for certain prior income taxes as one type of nondischargeable debt.

As Plaintiff notes, Defendants identified their federal tax liabilities as § 507 priority claims in their Chapter 13 Plan, First Amended Chapter 13 Plan, and Second Amended Chapter 13 Plan. *In re Walton* [ECF Nos. 2, 23, 111].  As well, Defendants' own discharge paperwork, included as an exhibit in his Motion Opposing Reopening the Case, notes that it does not cover "debts incurred to pay nondischargeable taxes." [ECF No. 79-1 at *2].

Defendants received their discharge under § 727 on October 12, 2011 [ECF No. 79-1]. Pursuant to § 523(a)(1)(A), that discharge did not relieve Defendants of their priority tax liabilities, including those liabilities Plaintiff now claims are owed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reopen Case [ECF No. 78] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [ECF No. 79] is **DENIED**.

Dated this 27th Day of August, 2012.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE